UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL GRIGGS, #132685,

        Plaintiff,

v.                                      CIVIL ACTION NO. 10-11662
                                        HON. GERALD E. ROSEN
MICHIGAN DEPARTMENT OF      MAGISTRATE JUDGE WHALEN
CORRECTIONS, PATRICIA L. CARUSO,
and M. WARD,

        Defendants.
_____/

## **ORDER OF DISMISSAL**

### **I. Introduction**

      Plaintiff Nathaniel Griggs is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He has filed a *pro se* civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983. The defendants are: the Michigan Department of Corrections; Patricia L. Caruso, Director of the Department of Corrections; and M. Ward, a correctional employee at the Cotton Correctional Facility.

      The complaint and exhibits allege that, on December 15, 2009, an inmate named Espinoza lodged a complaint about Plaintiff with a shift commander known as Captain P. Lewis. According to Espinoza, Plaintiff grabbed his buttocks on one occasion, asked Espinoza to grab his (Plaintiff's) crotch on another occasion, and hit Espinoza in the head on another day. On the basis of Espinoza's allegations, Captain Lewis cited Plaintiff with major misconduct. A prison disciplinary hearing was held, and Plaintiff was found guilty of sexual assault. On January 5, 2010, a security classification committee, which included defendant M. Ward, designated

Plaintiff a sexual predator and punished him with thirty days in detention. Plaintiff subsequently asked defendant Patricia Caruso to vacate the hearing officer's findings and classification, but Caruso apparently did not respond to the request.

Plaintiff filed his federal civil rights complaint on April 23, 2010. His ground for relief appears to be that defendant Ward abused his discretion by designating Plaintiff a sexual predator. Plaintiff claims that the designation was based on Espinoza's confidential statement to Captain Lewis. Plaintiff attempts to discredit Espinoza's allegations on the ground that Espinoza is a known homosexual, who had been writing sexually-charged notes to Plaintiff, and was not a victim.

## II. Standard of Review

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.,* 555 F.3d 543, 549 (6th Cir. 2009)). The Court must dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations and footnote omitted).

### III. Discussion

The Michigan Department of Corrections is dismissed from this action because the Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam* opinion). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983." *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

Plaintiff's allegations against the individual defendants also fail to state a claim for which relief may be granted. A claim for declaratory relief and money damages based on allegations that necessarily imply the invalidity of the punishment in a prison disciplinary proceeding is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Even if the claim were cognizable, Plaintiff's challenge to the sufficiency of the evidence used to discipline him is frivolous because Espinoza's allegations provided "some evidence" to support the hearing officer's findings. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Furthermore, thirty days in detention was not an "atypical and significant hardship on [Plaintiff]

3

in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Therefore, Plaintiff's detention for thirty days did not implicate a liberty interest protected by the Due Process Clause. "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Although Plaintiff seeks prospective injunctive relief in addition to declaratory relief and money damages, he has no right to placement "in any particular section within the prison system." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). He also has no constitutional right to a particular security classification. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Moody v. Daggett*, 429 U.S. 78 (1976), and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). Plaintiff's designation as a sexual predator "is nothing more than a security classification used by the prison." *Ford v. Harvey*, 106 Fed. Appx. 397, 399 (6th Cir. 2004). Because Plaintiff "does not have a constitutional right to a particular security level or classification, he fails to state a claim." *Id*; *see also Washington v. Wiest*, No. 97-1289, 1998 WL 466555, at *2 (6th Cir. July 31,1998) (unpublished opinion explaining that the plaintiff could not invoke the procedural guarantees of the Due Process Clause or successfully challenge his classification as a homosexual predator because he had no liberty interest in a classification free of the label of homosexual predator).

### IV. Conclusion

Plaintiff's allegations lack an arguable basis under law and, therefore, are frivolous. The allegations also fail to state a claim and seek money damages from a defendant which is immune from such relief. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§

4

1915(e)(2)(B) and 1915A(b).

An appeal from this order would be frivolous and could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: June 8, 2010

I hereby certify that a copy of the foregoing document was served upon Nathaniel Griggs, #132685, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, Michigan 49201, on June 8, 2010, by ordinary mail.

        s/Ruth A. Gunther
        Case Manager